IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANIFATTURE 7 BELL S.P.A. | ) |
| Plaintiff, | ) C. A. No.: _____ |
| v. | ) **JURY TRIAL DEMANDED** |
| HAPPY TRAILS, LLC and THE CHILDREN'S TRUST U/A ROY ROGERS DALE EVANS ROGERS TRUST | ) |
| Defendants. | ) |

## **MANIFATTURE 7 BELL, S.P.A. COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Manifatture 7 Bell, S.p.A. ("Manifatture 7 Bell"), by and through its undersigned counsel, files this Complaint for a declaratory judgment against Defendants, Happy Trails, LLC ("Happy Trails") and The Children's Trust U/A Roy Rogers Dale Evans Roger Trust ("Trust"), and alleges as follows:

## **NATURE OF ACTION**

1. This is an action for a declaratory judgment that Manifatture 7 Bell does not infringe any valid claim or right of Defendants in the name Roy Roger's and for a declaratory judgment that Plaintiff's U.S. Trademark Registration Nos. 3,636,761 and 3,476,723 are valid and subsisting, and further that Application No. 85/931,769 be registered.

2. A true and correct copy of Registration No. 3,636,761 (the "761 Registration") is attached hereto as Exhibit A.

3. A true and correct copy of Registration No. 3,476,723 (the "723 Registration") is attached hereto as Exhibit B.

4. A true and correct copy of Application No. 85/931,769 (the "769 Application") is attached hereto as Exhibit C.

## THE PARTIES

5.      Plaintiff, Manifatture 7 Bell, is a corporation organized and existing under the laws of Italy, with its principal place of business located at Campi Bisenzio (FI), Via Bruno Buozzi 172 50013, Italy.

6.      On information and belief, Defendant Happy Trails is a Delaware limited liability company, with its principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7.      On information and belief, Defendant Trust is a trust established under the laws of Missouri, with its principal place of business located at P.O. Box 360, Lampe, MO 65681.

8.      On information and belief, the sole trustee in the Trust is Roy Rogers, Jr., a U.S. citizen having an address of P.O. Box 360, Lampe, MO 65681. On further information and belief, the Trust is a member of Happy Trails.

## JURISDICTION AND VENUE

9.      This action arises under the trademark laws of the United States, Title 15 of the United States Code (15 U.S.C. § 1051, et. seq.), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to trademarks).

11.     This Court has personal jurisdiction over Happy Trails because of its organization and residence in Delaware so as to make personal jurisdiction proper in this Court. The Court has personal jurisdiction over the Trust since it is a member of Happy Trails.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

13. Manifatture 7 Bell was founded in Florence in 1949 and is the first Italian blue jeans manufacturer. Since 1952 the group has also produced denim under the name of Roy Roger's.

14. Manifatture 7 Bell's Roy Roger's jeans were introduced in post-World War II Italy, a time when many Italians viewed Americans as the liberators of their country. Manifatture 7 Bell was the first Italian jeans manufacturer to use denim imported from the United States.

15. Because of the connection with the United States, Manifatture 7 Bell decided on the Roy Roger's name, a legendary figure that traveled the Great Plains of the American West in the second half of the 19th century, sewing, altering and mending the work clothes of people on ranches. This traveling tailor, Roy Roger, with a hat and big sideburns had customers scattered everywhere and worked for cattle ranchers, gold prospectors, and the inhabitants of the American West.

16. In the 60s and 70s, Roy Roger's jeans became a popular item in Italy, introducing features that today are iconic and found in every pair of Roy Roger's jeans. Roy Roger's jeans have preserved a high quality in raw materials, exclusively coming from the USA, Japan and Europe. Keeping all collections strictly hand-made in Italy, the Roy Roger's brand combines the flavors of the past with innovative techniques of today and steps into the future.

17. Manifatture 7 Bell commenced sale of its products in the United States in 2008 and such use continues to the present.

18. Manifatture 7 Bell is the owner of the '761 Registration granted on June 9, 2009, for the following stylized mark featuring Roy Roger's:



19. The '761 Registration is valid and covers *"trousers of leather or imitation of leather"* in International Class 25.

20. Manifatture 7 Bell is the owner of the '723 Registration granted on July 29, 2008, for the following stylized design mark featuring Roy Roger's:



21. The '723 Registration is valid and covers *"ready made clothing, namely, outfits, namely, jackets, trousers, skirts, workwear, namely, trousers, jackets, sportswear, namely, trousers, jackets"* in International Class 25. In addition, the '723 Registration is incontestable.

22. Manifatture 7 Bell is the owner of the pending '769 Application filed on May 14, 2013, for the mark ROY ROGER'S in plain text for the following goods and services:

- *"leather, unworked or semi-worked, imitation leather, purses, school bags, business card cases, credit card cases, travelling trunks, backpacks, wallets, leather and reusable shopping bags, attaché cases, beach bags, handbags, travelling bags, pouches of leather for packaging, briefcases, case of leather,*

4

*trunks, vanity cases sold empty, leather key cases, suitcases, bags for sport, leather straps, umbrellas, canes, walking sticks, whips, saddlery, harness fittings"* in International Class 18;

- *"clothing, namely, skirts, pullovers, shirts, t-shirts, blouses, pants, dressing gowns, pajamas, vests, tights, stockings, jerseys, bathrobes, overalls, underwear, sweaters, jumpers, trousers, jeans, suits, ceremonial dresses, outer clothing, namely, overcoats, coats, stuff jackets, jackets, parkas, knitwear, namely, knit tops, knit bottoms, knit dresses clothing of leather, namely, leather jackets, leather coats, children's clothing, namely, children's cloth bibs, overall sleepwear, one-piece garments, rompers, layettes, bathing caps, bathing suits, clothing for gymnastics, namely, shorts, t-shirts, waterproof clothing, namely, raincoats, footwear, slippers, bath slippers, boots, beach shoes, sandals, sport shoes, headgear, namely, hats, caps, socks, garters, gloves, shawls, ties, neckties, scarves, pocket squares, furs, namely, fur stoles, fur jackets, fur coats, belts"* in International Class 25; and

- *"advertising; business management assistance; document reproduction, word processing, administrative processing of purchase orders, dissemination of advertising matter; presentation of goods on communication media, for retail purposes, namely, allowing the consumer to view and buy the aforesaid goods in retail stores, namely, the bringing together, for the benefit of others, of a variety of goods in the field of clothing and accessories; organization of trade fairs for commercial or advertising purposes, organization of exhibitions of commercial or advertising purposes, organization of fashion shows for advertising or selling purposes, publicity agencies, commercial administration of licensing of goods and services of others, sponsorship search, business management of hotels for others, commercial management for franchising; sales promotion for others; sales promotion for others relating to clothing"* in International Class 35.

23. Upon information and belief, the Trust claims to be the owner of intellectual property rights associated with the late American singer and actor Roy Rogers, including his name and likeness.

24. Upon information and belief, Happy Trails was granted an exclusive license from the Trust to exploit any intellectual property rights associated with the late American singer and actor Roy Rogers.

25. On October 14, 2009, counsel for Defendants' predecessor to the claimed intellectual property rights associated with late American singer and actor Roy Rogers, Roy

5

Rogers Family Entertainment Corporation ("RRFEC") sent a cease and desist letter to Manifatture 7 Bell alleging that Manifatture 7 Bell's use and registration for Roy Roger's was causing a likelihood of confusion and was damaging RRFEC's rights in the name Roy Rogers. In this letter, RRFEC demanded that Manifatture 7 Bell cease use of Roy Roger's in the United States and RRFEC further demanded that Manifatture 7 Bell cancel that '761 Registration and the '723 Registration.

26.     Since Manifatture 7 Bell did not believe its use of Roy Roger's violated any rights alleged by RRFEC, Manifatture 7 Bell did not respond to the October 14, 2009 letter and did not receive any further communications from RRFEC.

27.     On June 12, 2013, a different law firm, representing Defendants Happy Trails and the Trust, sent a second cease and desist letter to Manifatture 7 Bell, alleging trademark infringement of Defendants' intellectual property rights associated with the late American singer and actor Roy Rogers as well as a violation of a right of publicity. Once again, the letter demanded that Manifatture 7 Bell cease use of Roy Roger's in the United States and that Manifatture 7 Bell cancel that '761 Registration and the '723 Registration. The letter also stated that unless Manifatture 7 Bell complied with its demands, Defendants would "pursue all available legal remedies against it, including seeking immediate and permanent injunctions, and filing claims of trademark infringement and violations of right of publicity."

28.     Manifatture 7 Bell responded to the June 12, 2013 letter through counsel, again insisting that its use of Roy Roger's did not violate any rights owned by Defendants.

29.     Upon information and belief, Defendants do not own any federal trademark registrations for the mark Roy Rogers and Defendants do not currently sell any products under the name Roy Rogers.

6

30. On September 17, 2014, Defendants instituted Opposition No. 91218423 against the '769 Application with the Trademark Trial and Appeal Board ("TTAB") at the United States Patent and Trademark Office. The Opposition is based on: (1) false association with a deceased person under Section 2(a) of the Lanham Act, 15 U.S.C. 1052(a); and (2) fraud in the procurement of the '769 application. The Opposition is currently pending.

31. On November 19, 2014, Defendants instituted consolidated Cancellation No. 92060421 against the '761 Registration and '723 Registration with the TTAB at the United States Patent and Trademark Office. The Cancellation is based on: (1) false association with a deceased person under Section 2(a) of the Lanham Act, 15 U.S.C. 1052(a); and (2) fraud in the procurement and maintenance of the '761 Registration and '723 Registration. The Cancellation is currently pending.

32. Despite the threats made by Defendants in the 2009 and 2013 cease and desist letters, Defendants have not filed any civil actions against Manifatture 7 Bell. Manifatture 7 Bell has relied on Defendants' inaction to its detriment.

33. By virtue of the litigation threats made by Defendants and the actions before the TTAB filed by Defendants against the '761 Registration, the '723 Registration and the '769 Application, Manifatture 7 Bell faces a substantial and protracted controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

34. Manifatture 7 Bell denies that it infringes any valid claim of Defendants' intellectual property rights in connection with Roy Rogers. Manifatture 7 Bell now seeks a declaratory judgment that it does not infringe any valid claim of Roy Rogers' intellectual property rights.

35. Manifatture 7 Bell also seeks a declaratory judgment that the '761 Registration and the '723 Registration are valid and subsisting and that the '769 Application should proceed to registration.

## COUNT I

## DECLARATORY JUDGMENT OF NO INFRINGEMENT OF RIGHTS UNDER 15 U.S.C. § 1125(a)

36. The allegations of paragraphs 1-35 are incorporated by reference as if fully set forth herein.

37. Based on the above-stated cease and desist letters sent by Defendants and the actions filed by Defendants at the TTAB against Manifatture 7 Bell, Manifatture 7 Bell is informed and believes that Defendants contend that Manifatture 7 Bell's use of the trademark Roy Roger's infringes one or more trademarks owned by Defendants.

38. Manifatture 7 Bell's use of the trademark Roy Roger's is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Manifatture 7 Bell with Defendants under 15 U.S.C. § 1125(a).

39. Manifatture 7 Bell further avers that the assertions of infringement set forth in Defendants' cease and desist letters are not based on any actual trademark rights in Roy Rogers owned by Defendants.

40. Upon information and belief, Defendants are not using the name Roy Rogers as a trademark and therefore have no enforceable trademark rights under 15 U.S.C. § 1125(a).

41. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

42. An actual controversy exists between Manifatture 7 Bell and Defendants as to whether or not Manifatture 7 Bell has committed trademark infringement in violation of 15 U.S.C. § 1125(a).

43. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that by its activities Manifatture 7 Bell has not engaged in any acts of trademark infringement under 15 U.S.C. § 1125( a). Such a determination and declaration is necessary and appropriate at this time.

## COUNT II

## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

44. The allegations of paragraphs 1-43 are incorporated by reference as if fully set forth herein.

45. Based on the above-stated cease and desist letters sent by Defendants and the actions filed by Defendants at the TTAB against Manifatture 7 Bell, Manifatture 7 Bell is informed and believes that Defendants contend that Manifatture 7 Bell's use of the trademark Roy Roger's constitutes unfair competition in the form of false or misleading representation of fact under 15 U.S.C. § 1125(a).

46. Manifatture 7 Bell avers that its use of the trademark Roy Roger's does not falsely suggest a connection with the late American singer and actor Roy Rogers, and such is not false or misleading representation of fact.

47. Manifatture 7 Bell further avers that the name of the late American singer and actor Roy Rogers is not famous and entitled to protection under 15 U.S.C. § 1125(a). Further,

Manifatture 7 Bell's Roy Roger's trademark does not point uniquely and unmistakably to the late American singer.

48. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

49. An actual controversy exists between Manifatture 7 Bell and Defendants as to whether or not Manifatture 7 Bell has committed unfair competition in violation of 15 U.S.C. § 1125(a).

50. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that by its activities Manifatture 7 Bell has not engaged in any acts of unfair competition under 15 U.S.C. 1125( a). Such a determination and declaration is necessary and appropriate at this time.

## COUNT III

## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION UNDER 6 *DEL. C.* § 2513(a)

51. The allegations of paragraphs 1-50 are incorporated by reference as if fully set forth herein.

52. Based on the above-stated cease and desist letters sent by Defendants and the actions filed by Defendants at the TTAB against Manifatture 7 Bell, Manifatture 7 Bell is informed and believes that Defendants contend that Manifatture 7 Bell's use of the trademark Roy Roger's constitutes unfair competition under 6 *Del. C.* § 2513(a).

53. Manifatture 7 Bell denies that its use of the trademark Roy Roger's constitute unfair competition in violation of 6 *Del. C.* § 2513(a).

54. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

55. An actual controversy exists between Manifatture 7 Bell and Defendants as to whether or not Manifatture 7 Bell has committed unfair competition in violation of 6 *Del. C.* 2513(a).

56. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that by its activities Manifatture 7 Bell has not engaged in any acts of unfair competition under *Del. C.* § 2513(a). Such a determination and declaration is necessary and appropriate at this time.

## COUNT IV

## DECLARATORY JUDGMENT OF NO DECEPTIVE TRADE PRACTICES UNDER 6 *DEL. C.* § 2532

57. The allegations of paragraphs 1-56 are incorporated by reference as if fully set forth herein.

58. Based on the above-stated cease and desist letters sent by Defendants and the actions filed by Defendants at the TTAB against Manifatture 7 Bell, Manifatture 7 Bell is informed and believes that Defendants contend that Manifatture 7 Bell's use of the trademark Roy Roger's constitutes a deceptive trade practice under 6 *Del. C.* § 2532.

59. Manifatture 7 Bell denies that its use of the trademark Roy Roger's constitutes a deceptive trade practice in violation of 6 *Del. C.* § 2532.

60. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

61. An actual controversy exists between Manifatture 7 Bell and Defendants as to whether or not Manifatture 7 Bell has committed a deceptive trade practice in violation of 6 *Del. C.* 2532.

62. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that by its activities Manifatture 7 Bell has not engaged in any deceptive trade practice under *Del. C.* § 2532. Such a determination and declaration is necessary and appropriate at this time.

## COUNT V
## DECLARATORY JUDGMENT OF NO DILUTION

63. The allegations of paragraphs 1-62 are incorporated by reference as if fully set forth herein.

64. Based on the above-stated cease and desist letters sent by Defendants and the actions filed by Defendants at the TTAB against Manifatture 7 Bell, Manifatture 7 Bell is informed and believes that Defendants contend that Manifatture 7 Bell's use of the trademark Roy Roger's constitutes dilution under 6 *Del. C.* § 3313.

65. Manifatture 7 Bell's use of the trademark Roy Roger's does not cause dilution under 6 *Del. C.* § 3313.

66. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

67. An actual controversy exists between Manifatture 7 Bell and Defendants as to whether or not Manifatture 7 Bell has violated 6 *Del. C.* § 3313.

68. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that by its activities Manifatture 7 Bell has not engaged in any acts of dilution under *Del. C.* § 3313. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VI
## DECLARATORY JUDGMENT OF VALIDITY OF THE '761 REGISTRATION

69. The allegations of paragraphs 1-68 are incorporated by reference as if fully set forth herein.

70. Based on the above-mentioned cease and desist letters and Cancellation No. 92060421 filed at the TTAB, Manifatture 7 Bell is informed and believes that Defendants contend that the '761 Registration violates one or more rights owned by Defendants and should be cancelled for false suggestion and fraud.

71. Manifatture 7 Bell avers that the trademark Roy Roger's in the '761 Registration does not falsely suggest a connection with a person, living or dead, under 15 U.S.C § 1052(a).

72. Manifatture 7 Bell further avers that the name of the late American singer and actor Roy Rogers was not famous on the date the '761 Registration issued. Further, Manifatture 7 Bell's trademark Roy Roger's does not point uniquely and unmistakably to the late American singer and actor. Therefore, the '761 Registration does not violate 15 U.S.C § 1052(a).

73. Manifatture 7 Bell further avers that when it filed the application for the '761 application, it did not know of any superior rights owned by Defendants to the best of its knowledge. As such, the required declaration under 15 U.S.C. § 1051(b) for the '761 Registration was truthful. Further, the information contained in the Statement of Use filed in

13

connection the '761 Registration was accurate to the best of Manifatture 7 Bell's knowledge. Therefore, Manifatture 7 Bell did not commit fraud in the procurement of the '761 Registration.

74.  Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

75.  Accordingly, an actual controversy exists between Manifatture 7 Bell and Defendants as to the validity and subsistence of the '761 Registration.

76.  The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that the '761 Registration is valid and subsisting. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VII
## DECLARATORY JUDGMENT OF VALIDITY OF THE '723 REGISTRATION

77.  The allegations of paragraphs 1-76 are incorporated by reference as if fully set forth herein.

78.  Based on the above-mentioned cease and desist letters and Cancellation No. 92060421 filed at the TTAB, Manifatture 7 Bell is informed and believes that Defendants contend that the '723 Registration violates one or more rights owned by Defendants and should be cancelled for false suggestion and fraud.

79.  Manifatture 7 Bell avers that the trademark Roy Roger's in the '723 Registration does not falsely suggest a connection with a person, living or dead, under 15 U.S.C § 1052(a).

80.  Manifatture 7 Bell further avers that the name of the late singer Roy Rogers was not famous on the date the '723 Registration issued. Further, Manifatture 7 Bell's mark Roy

Roger's does not point uniquely and unmistakably to the late American singer. Therefore, the '723 Registration does not violate 15 U.S.C § 1052(a).

81. Manifatture 7 Bell further avers that when it filed a declaration of continued use and incontestability for the '723 Registration, the Roy Roger's mark as shown in the registration was in continuous use in commerce for five consecutive years since the registration date. Therefore, Manifatture 7 Bell did not commit fraud in the maintenance of the '723 Registration.

82. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

83. Accordingly, an actual controversy exists between Manifatture 7 Bell and Defendants as to the validity and subsistence of the '723 Registration.

84. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that the '723 Registration is valid and subsisting. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VIII

## DECLARATORY JUDGMENT OF REGISTRATION FOR THE '769 APPLICATION

85. The allegations of paragraphs 1-84 are incorporated by reference as if fully set forth herein.

86. Based on the above-mentioned cease and desist letters and Opposition No. 91218423 filed at the TTAB, Manifatture 7 Bell is informed and believes that Defendants contend that the '769 Application violates one or more rights owned by Defendants and should be cancelled for false suggestion and fraud.

87. Manifatture 7 Bell avers that the trademark Roy Roger's in the '769 Application does not falsely suggest a connection with a person, living or dead, under 15 U.S.C § 1052(a).

88. Manifatture 7 Bell further avers that the name of the late singer Roy Rogers was not famous on the date the '769 Application was filed. Further, Manifatture 7 Bell's mark Roy Roger's does not point uniquely and unmistakably to the late American singer. Therefore, the '769 Application does not violate 15 U.S.C § 1052(a).

89. Manifatture 7 Bell further avers that when it filed the '769 Application, it did not know of any superior rights owned by Defendants to the best of its knowledge. As such, the required declaration under 15 U.S.C. § 1051(b) for the '769 Application was truthful. Therefore, Manifatture 7 Bell did not commit fraud in the filing of the '769 Application.

90. Accordingly, an actual controversy exists between Manifatture 7 Bell and Defendants as to the validity and subsistence of the '769 Application.

91. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that the '769 Application is entitled to registration. Such a determination and declaration is necessary and appropriate at this time.

## COUNT IX

## DECLARATORY JUDGMENT OF NO INFRINGMENT OF THE COMMON LAW RIGHT OF PUBLICITY

92. The allegations of paragraphs 1-91 are incorporated by reference as if fully set forth herein.

93. Based on the above-mentioned cease and desist letters and the actions filed by Defendants at the TTAB against Manifatture 7 Bell, Manifatture 7 Bell is informed and believes

that Defendants contend that Manifatture 7 Bell's use of the Roy Roger's mark violates a right of publicity in the name Roy Rogers owned by Defendants under the common law.

94. Manifatture 7 Bell avers that the Defendants own no right of publicity in the name Roy Rogers under common law. Manifatture 7 Bell further avers that its use of the Roy Roger's trademark does not unlawfully appropriate the name or likeness of the late American singer and actor Roy Rogers without consent for commercial use or advantage and therefore does not violate the common law right of publicity. Therefore, the use in commerce of the mark Roy Roger's does not violate the common law right of publicity.

95. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

96. Accordingly, an actual controversy exists between Manifatture 7 Bell and Defendants as to the violation of the common law right of publicity.

97. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that the use in commerce of the mark Roy Roger's does not violate the common law right of publicity. Such a determination and declaration is necessary and appropriate at this time.

## COUNT X

## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION UNDER DELAWARE COMMON LAW

98. The allegations of paragraphs 1-97 are incorporated by reference as if fully set forth herein.

99. Based on the above-mentioned cease and desist letters and the actions filed by Defendants at the TTAB against Manifatture 7 Bell, Manifatture 7 Bell is informed and believes

that Defendants contend that Manifatture 7 Bell's use of the Roy Roger's mark constitutes unfair competition under Delaware common law.

100. Manifatture 7 Bell denies that its use of the trademark Roy Roger's constitute unfair competition in violation of Delaware common law.

101. Manifatture 7 Bell further avers that Defendants have unreasonably delayed in asserting any such claim which has caused prejudice to Manifatture 7 Bell, and therefore any claim is barred by laches.

102. An actual controversy exists between Manifatture 7 Bell and Defendants as to whether or not Manifatture 7 Bell has committed unfair competition under Delaware common law.

103. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Manifatture 7 Bell is entitled to a declaration, in the form of a judgment, that by its activities Manifatture 7 Bell has not engaged in any acts of unfair competition under Delaware common law. Such a determination and declaration is necessary and appropriate at this time.

## **PRAYER FOR RELIEF**

WHEREFORE, Manifatture 7 Bell prays that:

A. The Court declare that Manifatture 7 Bell's use of the trademark Roy Roger's does not infringe any trademark rights of Defendants under 15 U.S.C. § 1125(a).

B. The Court declare that Manifatture 7 Bell's use of the trademark Roy Roger's is not unfair competition under 15 U.S.C. § 1125(a).

C. The Court declare that Manifatture 7 Bell's use of the trademark Roy Roger's does not constitute unfair competition under 6 *Del. C.* § 2513(a).

D.  The Court declare that Manifatture 7 Bell's use of the trademark Roy Roger's does not constitute a deceptive trade practice under 6 *Del. C.* § 2532.

E.  The Court declare that Manifatture 7 Bell's use of the trademark Roy Roger's does not dilute Defendants' rights under 6 *Del. C.* § 3313.

F.  The Court declare that Manifatture 7 Bell's '761 Registration is valid and subsisting.

G.  The Court declare that Manifatture 7 Bell's '723 Registration is valid and subsisting.

H.  The Court declare that Manifatture 7 Bell's '769 Application is entitled to Registration.

I.  The Court declare that Manifatture 7 Bell's use of the trademark Roy Roger's does not violate Defendants' right of publicity under the common law.

J.  The Court declare that Manifatture 7 Bell's use of the trademark Roy Roger's does not constitute unfair competition under Delaware common law.

K.  The Court declare that Defendants have unreasonably delayed in asserting any such claims asserted in this Complaint which has caused prejudice to Manifatture 7 Bell, and therefore any claims are barred by laches.

L.  Manifatture 7 Bell be awarded its costs in this action; and

M.  Manifatture 7 Bell be awarded such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Manifatture 7 Bell hereby respectfully demands a trial by jury of all issues and claims so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Melanie K. Sharp*
_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK P.C.
E. Anthony Figg
Leo M. Loughlin
607 14th Street, N.W.
Suite 800
Washington, DC 20005
(202) 783-6040

Dated: December 23, 2014          *Attorneys for Manifatture 7 Bell S.p.A.*

01:16448482.1